SOPHIE E. BIEN, complainant-appellant,

*v.*

RICHARD W. BUCKHOLTZ, defendant-respondent.

[Submitted February 17th, 1933. Decided April 28th, 1933.]

*Mr. Philip Wendkos,* for the appellant.

*Messrs. Bourgeois & Coulomb,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The bill is by a tenant in common against her co-tenant, in partition, and sets up that the land in question cannot be divided, and therefore prays a sale. To this both parties agree, the question in dispute being what shares of the net proceeds are to go to them respectively. The difficulty arises out of the payment by defendant of a pre-existing mortgage on the property. Certain matters of account were mentioned in the bill but are not argued.

The parties purchased the property subject to the mortgage, each contributing equally to the cash payment. The deed was taken in the name of complainant, who two days later conveyed an undivided half part to defendant. The title rested in that condition, subject to the mortgage, until the mortgage, which was for $12,000, was called by the mortgagee. Complainant had not wherewith to pay, so the defendant paid off the mortgage out of his own funds, and had it canceled of record. The mortgage was dated August 13th, 1923, due in three years. Defendant seems to have paid it off on August 13th, 1926, taking complainant's note of that date for $6,000, on which was written the following memorandum: "This note is given to secure the payment of one-half of the mortgage due 8-13-26 at 15 South Washington avenue, Ventnor, N. J. Paid by R. W. Buckholtz to Agatha R. Knittel—who holds title to half of the above property." Agatha R. Knittel was the mortgagee, so the word "who" cannot refer to her, and must refer to defendant or perhaps complainant, no matter which. The mortgage was canceled the following day.

The theory of the appeal seems to be that defendant by paying off the mortgage became seized of such proportionate interest in the property as the amount of the mortgage would bear to the gross purchase price, in addition to the one-half of the equity of redemption originally acquired by him. Thus, taking complainant's figures without passing on their correctness, the gross price being assumed as $22,600, the mortgage

represented 120/226 of the whole title, complainant acquired 106/226 by the original deed and conveyed to defendant 53/226, retaining a like interest herself. On that basis, in case of a sale, complainant would claim 53/226 of the proceeds, whatever the selling price. If, for example, the property in these depreciated times should net only half the original price of $11,300, complainant would claim $2,650 and leave defendant $8,650 for his original investment of $5,300 and the $12,000 mortgage paid by him.

The vice-chancellor properly decided, in view of the deeds, the note, and the monetary and other transactions between the parties which need not be considered in detail, that they were tenants in common of the property in equal shares; that the evidence showed that defendant in paying the mortgage did not intend to increase his proportionate interest, but that in paying it he became subrogated to the lien of the mortgage against the property, and entitled to contribution from the co-tenant. *Roll* v. *Everett, 73 N. J. Eq. 697.* The appellant relies on *Kinkead* v. *Ryan, 65 N. J. Eq. 726* in support of the appeal: but the rule as later enunciated in *Roll* v. *Everett* is fully recognized in that case, this court holding that the circumstances of the *Ryan Case,* one only of which was the cancellation of a mortgage paid off, showed an intent to make a gift in favor of descendants. It is not here suggested that any gift was intended: the most that is intimated is that Buckholtz was intending to increase his proportionate interest by cancelling the mortgage. Every circumstance, except the act of cancellation, points the other way.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.